Donahue, J.,
dissenting. In the case of the State of Ohio v. Cox, 87 Ohio St., 313, it was held that the sections of the General Code under favor of which the prosecuting attorney of Franklin county has filed this bill of exceptions, conferred upon the supreme court appellate jurisdiction for the purpose and to the extent named therein. The constitution of 1851 was then in force, and that constitution authorized the general (assembly of Ohio to confer appellate jurisdiction upon this court.
The constitution, as amended September 3, 1912, does not confer any such authority upon the general assembly. The schedule to the amendments to the constitution provides that “All laws then in force, not inconsistent therewith shall continue in force until amended or repealed.”
In the absence of such provision in the schedule, the same result would follow. In the case of Cass v. Dillon, 2 Ohio St., 607, it was held by this court that all laws not inconsistent with' an amendment to the constitution would remain in force without any express provision to that effect, and that all inconsistent laws would fall simply because they were inconsistent.
This court now derives all its jurisdiction directly from the constitution itself. The legislature has no power to limit or increase that jurisdiction. Upon that subject the constitution is final. It necessarily follows that any laws existing at the time these amendments to the constitution were adopted, which confer or purport to confer jurisdiction upon this court, are inconsistent *226 with these amendments to the constitution and must fall simply because they are inconsistent.
These sections of the General Code above referred to purport to confer jurisdiction upon the supreme court in all criminal cases, misdemeanors as well as felonies. The amendment to the constitution, however, limits the jurisdiction of the supreme court to felonies only. In this particular, at least, these sections of the General Code are in direct conflict with the constitutional provision on this subject. State v. Mansfield, ante, 20.
These sections purport not only to confer jurisdiction upon this court but they also attempt to limit the jurisdiction so conferred. The constitution, as amended, provides that this court shall have appellate jurisdiction “in cases of felony on leave first obtained.” This means full, and not partial, appellate jurisdiction.
Section 13684, General Code, provides that “The judgment of the court in the case in which the bill was taken shall not be reversed nor affected; but the decision of the supreme court shall determine the law to govern in a similar case.” This means in all criminal cases, whether the defendant has been once in jeopardy or not, and if this section were to be given effect it would limit the appellate jurisdiction in felony cases conferred by the constitution, at least in all cases where the defendant has not been once in jeopardy. There never was any good reason for limiting the appellate jurisdiction of this court to merely declaring the law to govern in a similar case where the *227 accused had not been once in jeopardy. Such a provision tended merely to permit the guilty to escape and was not and is not necessary for the protection of the innocent.
The constitution, as amended, now confers upon this court appellate jurisdiction to review and reverse the judgment in a felony case. It ought to exercise that jurisdiction as in all other cases, and if perchance the defendant has been once in jeopardy, other provisions of the constitution fully protect him from further prosecution, yet even in such case the judgment of this court will have at least as much force and effect as it can have under the statute. This section, purporting to limit the appellate jurisdiction of this court conferred by the constitution in felony cases, is in clear conflict with the constitution itself.
Section 2 of Article IV and Section 6 of Article IV, relating to the appellate jurisdiction of this court and the jurisdiction of the courts of appeals, must be construed together. Section 6 of Article IV, as amended, specifically provides that the courts of appeals shall have appellate jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law, and judgments of the courts of appeals shall he final in all cases, except cases involving questions arising under the constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the supreme court may direct any court of appeals to certify its record to that court. No *228 judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the court of appeals on the weight of the evidence and by a majority of such court of appeals upon other questions; and whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.”
Section 2 of Article IV confers appellate jurisdiction upon the supreme court in all cases involving questions arising under the constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the court of appeals, and further provides that “In cases of public or great general interest the supreme court may, within such limitation of time as may be prescribed by law, direct any court of appeals to certify its record to the supreme court, and may review, and affirm, modify or reverse the judgment of the court of appeals.”
The provision in Section 6 of Article IV, that the courts of appeals shall have appellate jurisdiction to review, affirm, modify or reverse the- judgment of the court of common pleas and other courts inferior to it within its jurisdiction, is too plain to be mistaken, but the further provision that in all cases, except the ones specifically enumerated, the judgment of the court of appeals shall he final, certainly forecloses all controversy on this *229 subject. The plain provisions of Sections 2 and 6 of Article IV of the Constitution confer exclusive appellate jurisdiction in the first instance in all cases upon the courts of appeals to review, affirm, modify or reverse the judgment of courts inferior to it within its jurisdiction, and confer appellate jurisdiction upon this court, in certain cases only, to review and affirm, modify or reverse the judgment of the court of appeals, and incident to this jurisdiction this court would, of course, have the right to affirm, modify or reverse the judgment of the court inferior to the court of appeals, which was the subject of review in that court, or to render the judgment that the court of appeals or the trial court should have rendered. Further than that this court has no appellate jurisdiction.
Any act of the general assembly purporting to take from the court of appeals the appellate jurisdiction conferred by the constitution upon that court to review, affirm, modify or reverse the judgment of the court of common pleas, superior courts or other courts of record within the district, and transfer that jurisdiction to the supreme court, is in clear conflict with these two provision of the constitution and void. For these reasons, I cannot concur in the conclusion reached by .the majority of this court in this case.